# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Paxton P. Shanklin, | Case No.: 2:25-cv-01317-JAD-NJK |
| Petitioner | |
| v. | **Order Dismissing Action, Denying Motions, and Closing Case** |
| James Kelly, *et al.*, | |
| Respondents | |

This *pro se* action was initiated on July 21, 2025, by Paxton P. Shanklin, an individual incarcerated at Nevada's Southern Desert Correctional Center. Shanklin filed a petition for writ of habeas corpus,[1] a motion for appointment of counsel,[2] a motion for evidentiary hearing,[3] a document entitled "The Final Call,"[4] and exhibits.[5] Because this successive petition is unauthorized—and frivolous to boot—I summarily dismiss it.

Shanklin is serving an aggregate sentence of life in prison with the possibility of parole on multiple felony convictions including battery with intent to commit a crime, robbery, kidnapping, and sexual assault, all sustained in a Nevada state court on April 21, 1983. Shanklin has initiated previous habeas actions in this court challenging those convictions, notably Case

---

[1] ECF Nos. 1-1, 1-2, 1-3.

[2] ECF No. 1-4.

[3] ECF No. 1-5.

[4] ECF No. 1-6

[5] ECF Nos. 1-7, 1-8. Shanklin has not paid the filing fee for this action, and he has not filed an application to proceed *in forma pauperis*.

No. CV-N-90-336-HDM and Case No. 05-cv-00607-ECR-RAM.[6]  Habeas relief was denied in

Case No. CV-N-90-336-HDM, with the majority of Shanklin's claims denied on procedural

default grounds and two claims denied on their merits.[7]  On appeal, the Ninth Circuit Court of

Appeals denied Shanklin what was then called a certificate of probable cause.[8]  Over a decade

later in 2007, Case No. 05-cv-00607-ECR-RAM was dismissed because it was a successive

petition and Shanklin had not obtained permission from the Court of Appeals to file such a

successive petition.[9]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner
> is not entitled to relief in the district court, the judge must dismiss the petition and
> direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 4 state that "it is the duty of the court to screen out

frivolous applications and eliminate the burden that would be placed on the respondent by

ordering an unnecessary answer," particularly if the petition does not state facts "that point to a

real possibility of constitutional error."[10]  Summary dismissal under Rule 4 is appropriate if the

allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or

false.[11]

---

[6] The court takes judicial notice of the record in Case No. 05-cv-00607-ECR-RAM.

[7] *See* ECF No. 4 in Case No. 05-cv-00607-ECR-RAM.

[8] *See id.*

[9] ECF Nos. 4, 10 and 11 in Case No. 05-cv-00607-ECR-RAM.

[10] Habeas Rule 4, Advisory Committee Notes (1976 Adoption); *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.").

[11] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Shanklin's petition,[12] like the one he filed some twenty years ago, is successive, and Shanklin does not state that he has obtained permission from the Court of Appeals to file such a successive petition.[13]  Regardless, the allegations in Shanklin's petition are patently frivolous. Habeas corpus relief could not possibly be granted on this petition, so I summarily dismiss it under Rule 4.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**.  Petitioner is **DENIED** a certificate of appealability because jurists of reason would not find it debatable whether this ruling is correct.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

The Clerk of Court is directed to

- ENTER JUDGMENT accordingly and CLOSE THIS CASE; and

- TRANSMIT a copy of this order to the Attorney General of the State of Nevada.

_____
U.S. District Judge Jennifer A. Dorsey
July 28, 2025

---

[12] Shanklin's petition is on the correct form, but he omitted introductory parts of the form petition, which would have disclosed the successive nature of the petition, and which would have aided the Court in screening the petition. *See* ECF No. 1-1 at 2–3.

[13] *See* 28 U.S.C. § 2244(b)(3)(A).